

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| **DAVID BILFELD**, Plaintiff,<br>vs.<br>**TOWN & COUNTRY RESTAURANT LLC,**<br>**ETHAN HUDSON, INC.**, and **BRIAN ELDRIDGE,**<br>    Defendants. | 09 C 7742<br>Judge Dow<br>Magistrate Judge Schenkier |

## JUDGMENT ORDER

This case came to be heard upon the plaintiff's *Application For Default Judgment* and *Fee Petition*, with the plaintiff submitting affidavits and documents in support of his application, upon notice to defendants, and with the Court being advised.

**THE COURT FINDS THE FOLLOWING FACTS UPON THE PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT:**

1. This case was brought under 28 U.S.C. § 1332 based upon diversity of citizenship between the plaintiff and all the defendants, with an amount in controversy in excess of $75,000 exclusive of interest and costs. This Court has jurisdiction of the parties and the subject matter of this case.

2. Defendants Brian Eldridge and Ethan Hudson Inc. promoted the formation of defendant Town & Country Restaurant LLC (the "LLC"), a limited liability company that would develop, construct, and operate a Chicago restaurant. Ethan Hudson Inc. was to be the LLC's manager.

3. Defendant Brian Eldridge was an officer of both Town & Country Restaurant LLC and Ethan Hudson Inc., and he personally controlled the operations of both Town & Country Restaurant LLC and Ethan Hudson Inc.

4. Defendants distributed a Confidential Offering Memorandum concerning the sale of shares in Town & Country Restaurant LLC. The Confidential

Offering Memorandum states that paid subscription proceeds of the offering "*shall be deposited in a non-interest bearing account of the LLC and shall not be used by the LLC until the later of the date that (A) at least 120 Preferred Units have been subscribed for ($1,200,000 raised) and (B) the LLC has entered into a satisfactory lease for the proposed space ("Proposed Space) for the restaurant to be owned by the LLC at 525 W. Monroe, Chicago, IL 60661.*"

5. The Confidential Offering Memorandum further states that if the LLC did not receive paid subscriptions in the amount of $1,200,000 prior to November 1, 2007, "*any Subscriber may withdraw its subscription by written notice to the LLC, without any liability to the LLC, whereupon the LLC shall return such Subscriber's subscription proceeds, without interest, to such Subscriber.*"

6. The LLC did not receive any paid subscriptions by November 1, 2007, and continued to solicit subscriptions.

7. Plaintiff David Bilfeld was the first Subscriber-Investor in Town & Country Restaurant LLC. On March 7, 2008, David Bilfeld gave his $100,000 check payable to Town & Country Restaurant LLC to defendant Brian Eldridge, to subscribe for an interest in the LLC.

8. Plaintiff David Bilfeld gave his $100,000 subscription payment to Town & Country Restaurant LLC in reliance on the statement in the Confidential Offering Memorandum that all subscription payments would be kept in a non-interest bearing account until the LLC raised at least $1,200,000 in paid subscriptions.

2

9. On March 11, 2008, Town & Country Restaurant LLC opened bank accounts, and Brian Eldridge deposited David Bilfeld's $100,000 check into the LLC's bank accounts as the first deposits.

10. During 2009, defendants did not respond to plaintiff's inquiries concerning status of the project. On November 12, 2009, David Bilfeld demanded in writing to withdraw his subscription and recover his $100,000 subscription payment, but defendants did not respond. Plaintiff then filed this action.

11. The defendants intentionally and promptly spent all of David Bilfeld's $100,000 subscription payment before having raised subscriptions for Town & Country Restaurant LLC in the amount of $1,200,000.

12. Plaintiff David Bilfeld's Amended Complaint prays for imposition of a constructive trust upon his $100,000 subscription payment and the proceeds of the payment, relief upon a fraud claim under the Illinois Securities Act, and other relief.

13. All three defendants are citizens of Illinois and the plaintiff is a citizen of Arizona, so there is diversity of citizenship of the parties.

14. Defendant Brian Eldridge personally appeared in this case but did not answer the Amended Complaint. Defendants Town & Country Restaurant LLC and Ethan Hudson Inc. were served with process but did not appear or answer. All the defendants are in default.

**THE COURT FINDS** upon these facts that a constructive trust exists in favor of plaintiff David Bilfeld by reason of defendants' fraudulent and unauthorized use of David Bilfeld's $100,000 subscription payment. An equitable order enforcing the constructive

3

trust upon the stolen funds and the proceeds thereof is necessary to protect and preserve the plaintiff's rights as beneficiary of the constructive trust.

**THE COURT FURTHER FINDS** that defendants violated the Illinois Securities Law by taking David Bilfeld's $100,000 subscription payment in a transaction that worked a fraud and deceit upon the plaintiff, in violation of section 12(F) of the Illinois Securities Law, 815 ILCS 5/12(F). Defendants are jointly and severally liable to plaintiff David Bilfeld pursuant to section 13(A) of the Illinois Securities Law, 815 ILCS 5/13(A), for the full amount of the $100,000 paid investment amount plus interest at the statutory rate of 10% pursuant to section 13(A)(1) of the Illinois Securities Law, together with plaintiff's reasonable attorneys' fees and costs in the amount of $20,682.66.

**THE COURT FURTHER FINDS** that malice is the gist of the action, having due consideration for Brian Eldridge's immediate spending of plaintiff David Bilfeld's subscription payment funds in knowing and direct violation of the terms of the Confidential Offering Memorandum that David Bilfeld's $100,000 subscription payment would be held in a bank account and would not be used by the LLC or otherwise until $1,200,000 in subscriptions were raised.

**IT IS THEREFORE ORDERED AND DECREED:**

1. The Court declares that a constructive trust exists for the benefit of plaintiff David Bilfeld upon David Bilfeld's $100,000 subscription payment in Town & Country Restaurant LLC, together with the proceeds thereof.

2. The Court declares that defendants Brian Eldridge, Town & Country Restaurant LLC and Ethan Hudson Inc. are trustees for the plaintiff's benefit of his

4

$100,000 subscription payment, together with the proceeds of such funds, plus interest at the rate of 10% per annum from the March 7, 2008 date of payment.

3. The Court declares that all property acquired by defendants with trust funds and the proceeds thereof are subject to the trust and are being held by defendants as trustees for the plaintiff's benefit.

4. Defendants are ordered and commanded to provide plaintiff's attorneys with a written accounting of all such trust funds, trust property, and trust proceeds within 30 days of the entry of this order.

5. Further relief against third persons who are transferees of the trust property subject to this declaration of rights and the trust enforced herein may be had upon the plaintiff's application to this Court, upon notice to Brian Eldridge at 2158 W. Grand Ave, #208, Chicago IL 60612, and to BRIAN@WELDCHICAGO.COM.

6. Judgment shall be entered upon the Amended Complaint in favor of plaintiff David Bilfeld against defendants Brian Eldridge, Town & Country Restaurant LLC and Ethan Hudson Inc., jointly and severally, in the amount of **$146,956.63**, which includes the $100,000 subscription payment plus statutory interest at the rate of 10% from March 7, 2008 to the date of this judgment in the amount of $26,273.97, plus plaintiff's reasonable attorney's fees and costs in the amount of $20,682.66.

7. Any trust funds and the proceeds thereof which plaintiff receives shall be credited toward the judgment entered herein against defendants. Any trust property and trust proceeds which plaintiff elects to receive shall be credited toward the judgment entered herein against defendants. If the parties are unable to agree upon the amounts

to be credited toward the judgment, such disputes shall be adjudicated by the Court upon notice and motion.

                    **Enter:**

                    _____
                    Judge Robert M. Dow, Jr.
                    United States District Judge
                    Dated: October 22, 2010

Donald F. Spak
180 North LaSalle St., #1801
Chicago, IL 60601
(312) 214-1818
Attorneys for Plaintiff David Bilfeld